Vincent J. GUARRASI, for himself as Master of MV MARY LOU and for Mercurio Ciaramitaro, Dominic S. De Luca, Nuzio Dorio, Maxie Garcia, Peter Guarrasi, Peter F. Guarrasi, Kurt Kleve, Bene-Detto Mansella, Waverly C. Moore, Anthony Savalli and George A. Serrano, Jr., crew members of MV Mary Lou as attorney in fact, Libelants,

v.

PANAMA CANAL COMPANY, a corporation, Respondent.

No. 2780.

United States District Court, Canal Zone Cristobal Division.

Aug. 11, 1967.

---

E. J. Berger, Cristobal, Canal Zone, for libelants.

David J. Markun and Jerry W. Mitchell, Office of General Counsel, Balboa Heights, Canal Zone, for respondent.

OPINION

CROWE, District Judge.

The respondent, Panama Canal Company, has moved this court under Rule 56, Federal Rules of Civil Procedure, to enter a summary judgment dismissing the libel of the plaintiffs, Vincent J. Guarrasi, et al., on the grounds that there is no genuine issue as to any material fact and that respondent is entitled to judgment as a matter of law.

The fishing vessel, MV MARY LOU, was damaged while transiting the Panama Canal northbound on June 8, 1963 with a Panama Canal pilot on board in charge of the operation and navigation of the vessel. When she was transiting Gaillard Cut, she suddenly veered into the west bank and damaged her bow and was dry-docked and repaired at the Industrial Division of the Panama Canal Company. The repairs were completed and she departed from the Canal Zone on June 30, 1963.

The libelants herein are the master and the crew of the MV MARY LOU and as alleged, "were not on a straight contract of hire or fixed wages but had an agreement depending on the tonnage of catch".

The petition alleges that there was a loss of wages or income to the libelants, crew members, for a prospective catch of fish due to the delay and repairs in the amount of $70,000.00, and further allegations allege that as a result of the negligence and fault of the employees of the respondent that the catch of fish on board the vessel at the time of the accident was spoiled resulting in damage in the amount of $446.50 and that there was a loss of foodstuffs and supplies on board the vessel, which was the property of the libelants, in the amount of $450.00. In addition, the libelants claim that as a result of the accident there was a "likewise loss of wages or income due to storage charges at Salisbury, Maryland"

in the sum of $1,642.14 "due to a delay for temporary repairs" in that port after leaving Canal Zone waters.

■■ I am persuaded by the opinion of Justice Holmes written in the case of Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927) that the libelants are not entitled to recover for the loss of their share of earnings or wages. The general rule is, as was stated in that case, that " * * * a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong."

In the case decided in the Ninth Circuit Court by the Court of Appeals and relied upon by the libelants, Carbone v. Ursich, 209 F.2d 178 (1953), the court ruled to the contrary and made an exception as to fishermen and held that they were entitled to recover in a case similar to the one at bar.

The recently reported decision, Henderson v. Arundel Corporation, 262 F. Supp. 152 (D.C.Maryland, 1966), which involves a suit of crew members against their employer and one Elder Dempster, owner of the ship which collided against their vessel, is very much in point and reviews the case of Carbone v. Ursich and refers also to the case of Casado v. Schooner Pilgrim, Inc., 171 F.Supp. 78 (D.C.Mass.1959). The court declared itself in accord with the statement of Judge Bailey Aldrich in the Casado case, which was, "The only way to permit recovery here would be to say frankly, as has been done by the Ninth Circuit, that a 'special rule' obtains for fishermen." Judge Aldrich said further, "With all respect to that learned court, I do not believe that to say 'seamen are the favorites of admiralty' should be to create a corresponding class of villains on whom to impose a new type of liability."

It is the opinion of this court then, in following the reasoning set out above, that the claims of plaintiffs for wages or part of the share of the catch arising out of a contract unknown to the Panama Canal Company, as this action is one founded in tort, must be dismissed.

■ The damage to the cargo and other supplies which belong to the libelants are different, however, and are a direct result of the accident and alleged tortious conduct of the respondent. 2 Canal Zone Code § 292 permits recovery for damages to the cargo or crew when the requirements of the statute are complied with and I believe, therefore, that libelants' complaint has stated a good cause of action as to these claims and the motion for summary judgment as to them is dismissed and the case is continued for further orders of this court.