[Civ. No. 16464. Fourth Dist., Div. One. Dec. 19, 1978.]

JOHN RODRIGUES et al., Plaintiffs and Appellants, v.
CAMPBELL INDUSTRIES et al., Defendants and Respondents.

---

**COUNSEL**

Gordon, Holstein & Ropers, Allan I. Shatkin, Mark Ropers and Rita S. Grobman for Plaintiffs and Appellants.

McInnis, Fitzgerald, Rees & Sharkey, John F. McGuire, Jenkins & Perry and James H. Sternberg for Defendants and Respondents.

## OPINION

**COLOGNE, J.**—Plaintiffs, crew members of the purse seiner fishing vessel J/V *Lucky Strike,* appeal a judgment of dismissal after the trial court sustained the demurrer of the vessel's manufacturers, defendants Campbell Industries and San Diego Marine, without leave to amend.

Plaintiffs' five-count complaint against the manufacturers sought money damages for the crew members' loss of earnings and share of the catch alleged to have been a result of the manufacturer's participation in constructing[1] the vessel and selling it to plaintiffs' employer CHB Foods, Inc.[2] The gist of the complaint is the vessel's rudder and component parts were unfit, resulting in the vessel having to return from the high seas to shore for repairs, thus depriving the plaintiffs of earnings and a share of the catch during the shutdown for repair.

It is alleged as to all causes of action the plaintiffs are American merchant seamen bringing the action under the Jones Act, under general maritime law, and under all other applicable statutes.

The first and third causes of action sound in tort, alleging negligence and strict liability as bases of the manufacturers' liability.

The second cause of action alleges the manufacturers expressly or impliedly warranted and represented the vessel was free from defects, safe, or merchantable quality and fit for its intended purpose, and plaintiffs justifiably relied on the warranty representations, but the warranties and warranty representations were untrue and breached by the manufacturers and the vessel was made unfit with the resultant loss of earnings and share of the catch.

The fourth cause of action alleges a breach of contract by the manufacturers' failing to construct the vessel fit for its intended purpose of fishing on the high seas as agreed to in the construction contract between the manufacturers and CHB Foods.

---

[1] The complaint actually and repeatedly alleges problems connected with the builders having "designed, constructed, manufactured, altered, assembled, tested, serviced, inspected, controlled, repaired and maintained, delivered and/or sold the vessel.

[2] CHB Foods, Inc. is a named defendant in two additional counts of the complaint. There is no issue presented on the appeal as to the additional counts against the employer, CHB Foods, Inc.

The fifth cause of action combines all the preceding causes, alleging they are joint and concurrent causes of plaintiffs' damages.

 As to the first and third causes of action sounding in tort the issue is whether under either California or federal admiralty law these third party plaintiffs may recover from a vessel manufacturer for a purely economic loss due to the manufacturer's nonintentionally tortious construction of a defective product. On apparently conflicting authority the trial court held recovery was possible under neither body of law. Our reading of the law leads us to conclude a tort remedy is available under federal admiralty jurisdiction but not under California law.

 California law, on this aspect of products liability is set forth in *Seely* v. *White Motor Co.,* 63 Cal.2d 9 [45 Cal.Rptr. 17, 403 P.2d 145], as follows: "[I]n actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone. [Citations.] The Restatement of Torts similarly limits strict liability to physical harm to person or property. [Citation.]" (*Seely* v. *White Motor Co., supra,* at p. 18.)

In *Seely,* the purchaser of a truck was permitted to recover his commercial losses (amounting to lost profits because of inability to make normal use of the defective truck and the money paid for the truck) from the truck manufacturer. The purchaser had no privity with the manufacturer, but was allowed to recover on the basis of a breach of express warranty "only because it [the manufacturer] warranted the truck to be 'free from defects in material and workmanship under normal use and service' " (*Seely* v. *White Motor Co., supra,* 63 Cal.2d 9, 16). The court in *Seely* discussed the policy considerations leading to the conclusion the manufacturer could not be held liable for Seely's commercial losses under either a negligence theory or a theory of strict liability in tort. Those same considerations, relating to the scope of control a manufacturer should have over his responsibility for economic harm and types of risks properly to be born by the ultimate consumer (see *Seely* v. *White Motor Co., supra,* 63 Cal.2d at pp. 17-18), apply to the products liability case before us insofar as California law is concerned. A leading case in the area is *Fifield Manor* v. *Finston,* 54 Cal.2d 632 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R. 2d 813], which states the rule: "[W]ith the exception of an action by the master for tortious injuries to his servant, thus depriving the master of his servant's services, which traces back to medieval English law [citations], the courts have quite consistently refused to recognize a cause of action based on negligent, as opposed to

intentional, conduct which interferes with the performance of a contract between third parties or renders its performance more expensive or burdensome. [Citations.]" (*Fifield Manor* v. *Finston, supra,* at p. 636.)

The *Fifield* rule was followed in the recent case of *Adams* v. *Southern Pac. Transportation Co.,* 50 Cal.App.3d 37 [123 Cal.Rptr. 216], involving a third party liability situation somewhat analogous to this case. In *Adams* the complaint alleged plaintiffs were employees in a plant which had been destroyed by an explosion caused by Southern Pacific's negligence. The only form of damages plaintiffs in *Adams* sought were those resulting from their lost employment and wages. Although criticizing the applicable rule of law the Court of Appeal affirmed the trial court's order dismissing the action after sustaining a demurrer without leave to amend. ▇ The case was categorized as involving negligent interference with contract relations for which no remedy is available. Similarly, the first and third causes of action in the case at bar must be put in that category as they too involve an attempt by an employee to recover his purely economic losses for a third party's negligent physical damaging of the employer's business site.

There is no tort-based recovery available to plaintiffs under California law.

▇ Under federal law, however, we are persuaded by the holding of the Ninth Circuit Court of Appeals in *Carbone* v. *Ursich* 209 F.2d 178, there is a remedy for plaintiffs under admiralty law. Also holding admiralty law applies to actions for economic losses to fishermen in an oil spill context is *Union Oil Company* v. *Oppen,* 501 F.2d 558. It seems clear the wrong alleged here, defective manufacture of a fishing vessel, bears a significant relationship to a traditional maritime activity—fishing at sea (see *Jig the Third Corp.* v. *Puritan Mar. Ins. Under. Corp.,* 519 F.2d 171, 174). This being the case, admiralty jurisdiction is present (*Executive Jet Aviation* v. *City of Cleveland* 409 U.S. 249, 261, 268 [34 L.Ed.2d 454, 463, 467, 93 S.Ct. 493, 501, 504]; *Union Oil Company* v. *Oppen, supra,* 501 F.2d 558, 561-562).[3]

In *Carbone* v. *Ursich,. supra,* 209 F.2d 178, the court in an admiralty proceeding reached the conclusion fishermen could recover from a

[3]The discussion of California tort law in *Union Oil Company* v. *Oppen, supra,* 501 F.2d 558, at pages 565 to 570, inclusive, must be read in the context of the oil spill case with which the court was concerned. In the case at bar, of course, we deal with a products liability case to which the rule of *Seely* v. *White Motor Co., supra,* 63 Cal.2d 9 applies.

third party tortfeasor the economic loss (share of the catch) they suffered due to the tortfeasor's damaging and decommissioning the boatowner's net the fishermen used to catch fish. The court in *Carbone* distinguished the action by seamen from that of a ship charter dealt with in *Robins Dry Dock & Repair Co.* v. *Flint*, 275 U.S. 303 [72 L.Ed. 290, 48 S.Ct. 134],[4] saying: "It is quite evident that the court, although dealing with a well established rule of law of torts, was not thinking of the special situation of the fishermen who, as we have here indicated, had long been recognized as beneficiaries under a special rule which made the wrongdoer liable not only for the damage done to the fishing vessel, but liable for the losses of the fishermen as well. This long recognized rule is no doubt a manifestation of the familiar principle that seamen are the favorites of admiralty and their economic interests entitled to the fullest possible legal protection. These considerations have given rise to a special right comparable to that of a master to sue for the loss of services of his servant, or the right of a husband or father to sue for the loss of services of wife or child." (*Carbone* v. *Ursich, supra,* 209 F.2d 178, 182.)

Plaintiffs have a remedy under federal admiralty law. On this basis the demurrer should not have been sustained to counts one and three of the complaint (see, re permitted use of strict liability theory in admiralty, *Pan-Alaska, etc.* v. *Marine Const. & Design Co.,* 565 F.2d 1129, 1134).

■ On the matter of liability under a breach of warranty theory, with certain exceptions not applicable here, privity between the plaintiffs and defendants remains a requirement for actions based upon the implied warranty of merchantability (*Burr* v. *Sherwin Williams Co.,* 42 Cal.2d 682, 695-696 [268 P.2d 1041]; and see *Hauter* v. *Zogarts,* 14 Cal.3d 104, 114, fn. 8 [120 Cal.Rptr. 681, 534 P.2d 377, 74 A.L.R.3d 1282]) as well as the implied warranty of fitness (*Anthony* v. *Kelsey-Hayes Co.,* 25 Cal.App.3d 442, 448 [102 Cal.Rptr. 113]). There was no privity here (see in this general connection cases collected in 16 A.L.R.3d 683).

As was held in *Seely* v. *White Motor Co., supra,* 63 Cal.2d 9, at page 14, privity is not a requirement for actions based upon an express warranty.

---

[4]The *Robins* case rule has been used to deny recovery in similar circumstances (see, e.g., *Guarrasi* v. *Panama Canal Company,* 271 F.Supp. 678).

The Supreme Court in *Robins* held the operators of a dry dock are not liable in admiralty to charterers of a ship, placed by its owners in the dry dock, for negligent injury to the ship's propeller where the injury deprived the charterer of the use of the ship. Mr. Justice Holmes, in writing this opinion, observed ". . . a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong." (*Robins Dry Dock & Repair Co.* v. *Flint,* 275 U.S. at p. 309 [72 L.Ed. at p. 292].)

Accordingly, plaintiffs should be permitted, as they requested of the trial court, leave to amend their complaint. If the second cause of action is limited to one based upon an express warranty it is a good cause of action (see *Greenberg* v. *Equitable Life Assur. Society*, 34 Cal.App.3d 994, 998 [110 Cal.Rptr. 470]).

■ Similarly, it was error to sustain, without leave to amend, the demurrer to the fourth cause of action based on a third party beneficiary, breach of contract, theory (see Civ. Code, § 1559). The original complaint as demurred to does not state a cause of action under this theory since it does not plead the contract or allege facts showing plaintiffs are any form of beneficiaries, much less beneficiaries of a class entitled to sue (see *Martinez* v. *Socoma Companies, Inc.*, 11 Cal.3d 394, 400 [113 Cal.Rptr. 585, 521 P.2d 841]; *Luis* v. *Orcutt Town Water Co.*, 204 Cal.App.2d 433, 441-442 [22 Cal.Rptr. 389]). Nevertheless, under the liberal rules of pleading we are to follow, plaintiffs should be granted the opportunity to amend their fourth cause of action in the complaint since there is a reasonable possibility it could be amended to state a cause of action under the third party beneficiary theory they now assert (see *Martinez* v. *Socoma Companies, Inc., supra*, 11 Cal.3d 394, 400).

■ The fifth alleged cause of action contains, by necessary implication, all of the allegations of each of the preceding four alleged causes and thus adds nothing to the complaint by way of fact or theory of recovery. There is no authority for a pleading of this type and the demurrer was properly sustained without leave to amend as to that cause.

By way of summary, we hold the first and third alleged causes of action state bases of recovery under federal admiralty law but not under California law. The second cause of action, if amended to allege only an express warranty, would state a cause of action. The fourth cause of action, though not alleging facts showing a contract basis for recovery, may be amended to do so. The fifth alleged cause of action shows no basis for recovery and cannot be amended to do so.

Judgment affirmed as to fifth cause of action and reversed as to the first four causes of action.

Brown (Gerald), P. J., and Staniforth, J., concurred.