[No. AO19008. First Dist., Div. Five. Aug. 18, 1983.]

TOM PISANO, Plaintiff and Appellant, v.
AMERICAN LEASING et al., Defendants and Respondents.

**COUNSEL**

Edward D. Nino for Plaintiff and Appellant.

Robert G. Partridge for Defendants and Respondents.

**OPINION**

**LOW, P. J.**—In his complaint for strict products liability, breach of warranty and negligence, plaintiff Tom Pisano sued defendants, the manufacturer, supplier and lessor of a sanding machine plaintiff used in his cabinetmaking business. Plaintiff alleged that the sander was defective and that it damaged wooden cabinets he had contracted to construct for Shapell Company. He sought damages for lost profits resulting from Shapell Company's termination of the contract; loss of future business with Shapell Company; loss of prospective clients; additional expenses incurred to repair the cabinets allegedly damaged by the sander; and loss of earnings due to time spent repairing the damaged cabinets. Defendants filed a motion for summary judgment contending (1) that plaintiff cannot recover damages for economic loss under his causes of action for products liability and negligence, and (2) that plaintiff cannot recover under a breach of warranty theory because the undisputed evidence establishes that plaintiff did not rely on any express warranties made by defendants in his decision to lease the sander. The trial court granted summary judgment and this appeal follows.

In the first part of their motion for summary judgment defendants argued that plaintiff cannot recover damages for commercial losses allegedly sustained as a result of the defective sander under either products liability or negligence theories. Defendants relied on *Seely* v. *White Motor Co.* (1965) 63 Cal.2d 9 [45 Cal.Rptr. 17, 403 P.2d 145], which limited recovery in negligence and strict tort liability actions to damages for personal injuries for physical damage to plaintiff's property. (*Id.,* at pp. 16-18.) The court expressly withheld recovery for economic losses alone. (*Ibid.*; see also *International Knights of Wine, Inc.* v. *Ball Corp.* (1980) 110 Cal.App.3d

1001, 1005 [168 Cal.Rptr. 301]; *Rodrigues* v. *Campbell Industries* (1978) 87 Cal.App.3d 494, 499 [151 Cal.Rptr. 90].)

■ Defendants' reliance is misplaced. Plaintiff alleged that the defective sander operated in an imperfect and uneven manner and thereby damaged his wooden cabinets. By alleging that the sander caused physical damage to his property, plaintiff is not limited by the rule announced in *Seely,* and has pleaded a basis for recovering at least the cost of repairing the damaged cabinets.

■ With respect to plaintiff's claim for lost profits and lost business opportunities, recovery for these commercial losses is permitted in negligence actions. (*J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799, 806-808 [157 Cal.Rptr. 407, 598 P.2d 60].) In *J'Aire,* a restaurant owner was permitted to sue a contractor for lost profits which resulted from the contractor's negligent failure to complete remodeling work within a reasonable time. The court held that "recovery for negligent interference with prospective economic advantage will be limited to instances where the risk of harm is foreseeable and is closely connected with the defendant's conduct, where damages are not wholly speculative and the injury is not part of the plaintiff's ordinary business risk." (*Id.,* at p. 808; see also *Cooper* v. *Jevne* (1976) 56 Cal.App.3d 860, 868-869 [128 Cal.Rptr. 724]; *Tremeroli* v. *Austin Trailer Equip. Co.* (1951) 102 Cal.App.2d 464, 480-481 [227 P.2d 923].)

Accordingly, we hold that under his cause of action for negligence, plaintiff may recover not only the cost of repairs to the damaged cabinets, but also for his economic losses so long as he is able to prove the necessary business relationship with defendants. ■ Under plaintiff's count for products liability, he is entitled to recover only for the damages to his wood cabinets proximately caused by the defective sanding machine.

Plaintiff also alleged breach of express and implied warranties of merchantability and fitness, that the sander would not finish his cabinets in a smooth, even and fit manner. In their summary judgment motion, defendants asserted that plaintiff cannot prevail on a breach of warranty theory since he did not rely upon any express representations made by defendants as to the quality and fitness of the product. It is undisputed that plaintiff made his decision to lease the sander based upon the recommendations of business associates. Plaintiff had no discussions with defendants concerning the operation of the sander and the needs of his particular business prior to leasing the machine.

■ In the absence of any affirmations of fact or promises made by defendants to plaintiff, plaintiff cannot recover damages under his theory of

breach of express warranty. (Cal. U. Com. Code, § 2313; *Hauter* v. *Zogarts* (1975) 14 Cal.3d 104, 115 [120 Cal.Rptr. 681, 534 P.2d 377, 74 A.L.R.3d 1282].) In order to establish an express warranty, plaintiff must demonstrate that defendants' statements of fact or opinion were the basis of the agreement to lease the sander (Cal. U. Com. Code, § 2313, subd. (1)(a); *Hauter* v. *Zogarts, supra,* at pp. 115-116.) Plaintiff concedes that no such representations were made. Therefore, the summary judgment on his claim of breach of express warranty of fitness was properly granted.

■ But plaintiff also alleged breach of the implied warranty of merchantability and fitness for normal use. (Cal. U. Com. Code, § 2314.) Defendants' liability for breach of the implied warranty of merchantability does not depend on any specific statement or conduct of the seller but arises from the contract of sale. (Cal. U. Com. Code, § 2314, subd. (1); *Hauter* v. *Zogarts, supra,* 14 Cal.3d at p. 117.) Among the definitions of merchantability, the one most relevant here is whether the product was "fit for the ordinary purposes for which such goods are used . . . ." (Cal. U. Com. Code, § 2314, subd. (2)(c).)

■ In a breach of warranty, action plaintiff may recover only after demonstrating that a warranty existed, that defendant breached that warranty and that the breach proximately caused the loss sustained. (See official code comment 13 on § 2314, Deering's Ann. Cal. U. Com. Code (1970 ed.) § 2314, p. 163; *Blockhead, Inc.* v. *Plastic Forming Company, Inc.* (D.Conn. 1975) 402 F.Supp. 1017, 1024.)

■ Crucial to the inquiry is whether the product conformed to the standard performance of like products used in the trade. (See, e.g., *Skelton* v. *General Motors Corp.* (N.D. Ill. 1980) 500 F.Supp. 1181, 1191-1192; 3 Anderson Uniform Commercial Code (3d ed. 1983) § 2-314:29, p. 136.) This determination may depend on testimony of persons familiar with the industry standards and local practices and is a question of fact. These factual issues were not addressed in the supporting papers or during the hearing on the motion for summary judgment. Under these circumstances, summary judgment was improper. (See generally, *LaRosa* v. *Superior Court* (1981) 122 Cal.App.3d 741, 745 [176 Cal.Rptr. 224].)

Summary judgment as to plaintiff's allegation of breach of express warranties is affirmed. In all other respects the judgment is reversed and the superior court is directed to strike that portion of count one of the complaint

alleging strict products liability which prays for damages inconsistent with this decision.

King, J., and Haning, J., concurred.