**ARIS HELICOPTERS, LTD.,**
Plaintiff–Appellant,

v.

**ALLISON GAS TURBINE; General Motors Corporation; Bell Helicopter,**
Defendants–Appellees.

No. 90–15278.

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 1991.*

Decided May 9, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Peter Axelrod, Reid, Axelrod & Ruane, Corte Madera, Cal., for plaintiff-appellant.

Richard G. Grotch, Coddington, Hicks & Danforth, Redwood City, Cal., for defendants-appellees.

Before PREGERSON, NOONAN, and THOMPSON, Circuit Judges.

NOONAN, Circuit Judge:

Aris Helicopters, Ltd. (Aris) brought suit against Bell Helicopter Textron, Inc. and Allison Gas Turbine Division, General Motors Corporation (the defendants). Federal jurisdiction was based upon diversity of citizenship. The federal district court dismissed the complaint for failure to state a claim upon which relief can be granted. We reverse and remand.

## ALLEGATIONS

Aris's complaint alleged the following:

The defendants are the designers, manufacturers, sellers, and distributors of the Bell 206L-1 helicopter, which is equipped with an Allison 250-C28 engine, fuel system, fuel control and governor, collectively known as a Bell Long Ranger. Aris bought a Bell Long Ranger. On August 27, 1987 this helicopter crashed near Covelo, California due to a sudden loss of engine power.

The Bell Long Ranger was defective in design, material and manufacture so that it was unreasonably dangerous and unsafe for its intended use. Aris was unaware of its defects.

The crash of the helicopter caused damage to the helicopter itself and a loss of income to Aris along with additional insurance expenses and the expenses of the lease for a substitute helicopter in the total amount of $509,677.33.

## PROCEEDINGS

On July 3, 1989 Aris filed a complaint with the allegations set out above in federal district court. On October 26, 1989 the district court in a reasoned order granted the defendants' motion to dismiss for failure to state a claim. The district court relied on language in *Kaiser Steel Corp. v.*

*Westinghouse Elec. Corp.*, 55 Cal.App.3d 737, 747, 127 Cal.Rptr. 838, 844 (1976).

Aris appealed.

## ANALYSIS

■ In a magisterial opinion Justice Traynor established that the law of California does not permit recovery for economic losses due to the negligent or unsafe manufacture of a product. *Seely v. White Motor Co.*, 63 Cal.2d 9, 403 P.2d 145, 45 Cal. Rptr. 17 (1965). He reasoned that to permit recovery in tort would swallow the law of warranty. He added: "The rationale ... does not rest on the analysis of the financial strength or bargaining power of the parties to a particular action." *Id.* at 18, 403 P.2d at 151, 45 Cal.Rptr. at 23. *Seely* is dispositive of the claims of Aris for economic loss. Under California law, they cannot be sustained.

*Seely* was extended by the Supreme Court of the United States in an admiralty case as authority for not permitting a plaintiff to recover from a manufacturer for injury to the product itself. *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 871, 106 S.Ct. 2295, 2302, 90 L.Ed.2d 865 (1986). If this case were brought in admiralty, this decision of the Supreme Court would control. However, the Supreme Court's extended interpretation of *Seely* is not decisive as to what California law actually is. *See Bancorp Leasing and Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 277 (9th Cir. 1987).

■ Controlling authority in this circuit is *Scandinavian Airlines Sys. v. United Aircraft Corp.*, 601 F.2d 425 (9th Cir.1979). In that case we adopted the rule set out in *Kaiser Steel*. The rule is that product liability does not apply between parties who meet four conditions: (1) they "deal in a commercial setting"; (2) they are in "positions of relatively equal economic strength"; (3) they "bargain the specifications of the product"; and (4) they "negotiate concerning the risk of loss from defects" in the product. *Id.* at 429 (quoting *Kaiser Steel*, 55 Cal.App.3d at 748, 127 Cal.Rptr. at 845).

None of these conditions can be determined by the simple inspection of the complaint filed by Aris for damage to the helicopter itself. Consequently, the case must be remanded to the district court.

REVERSED and REMANDED.

DAVID R. THOMPSON, Circuit Judge, concurring:

I concur in the majority opinion. I write separately to set forth in a little more detail what I believe to be the law of California on the question whether property damage, limited to damage to the product itself, may be recovered in a strict liability action.

In *Seely v. White Motor Co.*, 63 Cal.2d 9, 403 P.2d 145, 45 Cal.Rptr. 17 (1965), the California Supreme Court held that the plaintiff had not stated a claim in strict liability for damage to the product because there was no evidence of causation. *Id.* at 19, 403 P.2d at 152, 45 Cal.Rptr. at 24. The court did not hold that recovery in strict liability is not available if the only damage is to the product itself. *Seely* did hold that "economic loss" is not a loss recoverable in strict liability, but *Seely* did not hold that damage to the product alone is such an "economic loss."

The United States Supreme Court in *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 871, 106 S.Ct. 2295, 2302, 90 L.Ed.2d 865 (1986), gave *Seely* a broader reading than its holding. There, in an admiralty case, the Court held that damages for injury to the product itself could not be recovered on a theory of strict liability under California law. *Seely* was cited as support for this proposition.

At this point it is well to bear in mind the old adage that the Court is not last because it is infallible; rather, it is infallible because it is last. And on the question of what the law is in California, the Court is not last. California is. Courts in California have held that although losses of an economic nature other than damage to the product itself may not be recovered in a tort action for strict liability, *see Huang v. Garner*, 157 Cal.App.3d 404, 420, 203 Cal.

Rptr. 800, 810 (1984); *Pisano v. American Leasing,* 146 Cal.App.3d 194, 197, 194 Cal. Rptr. 77, 79 (1983); *International Knights of Wine, Inc. v. Ball Corp.,* 110 Cal.App.3d at 1001, 1008, 168 Cal.Rptr. 301, 304 (1980) (Fleming, J., concurring and dissenting), damages may be recovered in a strict liability action when damage is limited to injury to the product itself. *Sacramento Regional Transit Dist. v. Grumman Flxible,* 158 Cal.App.3d 289, 293, 204 Cal.Rptr. 736, 738 (1984); *International Knights of Wine,* 110 Cal.App.3d at 1005, 168 Cal.Rptr. at 302.

In another California appellate case, *Gherna v. Ford Motor Co.,* 246 Cal.App.2d 639, 55 Cal.Rptr. 94 (1966), a defect in the wiring of the plaintiff's car caused a fire which damaged the car. Although the only property damage was the damage to the product, the court allowed recovery in strict liability. As interpreted by *Sacramento Regional,* the court in *Gherna* "impliedly held that [strict liability] is available where the property injured is the defective product." 158 Cal.App.3d at 296, 204 Cal. Rptr. at 740.

Although these cases are decisions by California's intermediate courts of appeal, they persuade me that under California law property damage for damage to the product itself may be recovered in a strict liability action. Indeed, we have said as much in *Scandinavian Airlines Sys. v. United Aircraft Corp.,* 601 F.2d 425, 428–49 (9th Cir.1979). There, we recognized the risk-spreading rationale of California law under which property damage for injury to a product may be recovered in a strict liability action, but not where the action is "between parties who: (1) deal in a commercial setting, (2) from positions of relatively equal economic strength, (3) bargain the specifications of the product, and (4) negoti-

ate concerning the risk of loss from defects in it." *Id.* at 429, quoting *Kaiser Steel Corp. v. Westinghouse Elec. Corp.,* 55 Cal. App.3d 737, 748, 127 Cal.Rptr. 838, 845 (1976).

It cannot be determined from the state of the record in the present case, whether Aris Helicopters' claim for property damage could survive analysis of the *Kaiser Steel* factors which we endorsed in *Scandinavian Airlines.* The district court did not consider such an analysis in dismissing the complaint. The presence or absence of the *Kaiser Steel* factors does not appear on the face of the complaint. The question whether this should prompt a dismissal of the complaint with leave to amend, or whether the *Kaiser Steel* analysis should be undertaken in some other procedural context are matters which are best left to the district court for initial determination. Our reversal should include a remand specifically instructing the district court to undertake this task. Perhaps it does.

REVERSED and REMANDED.