951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vance K. SINCLAIR; Mary L. Sinclair, Plaintiffs-Appellants,
v.
COACHMEN INDUSTRIES, INC., Defendant-Appellee.
 No. 90-15829.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Dec. 13, 1991.
 
 Before FLETCHER, WIGGINS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In 1984 the Sinclairs purchased a motor home manufactured by Coachmen Industries. On February 5, 1987, the Sinclairs filed a complaint naming Coachmen as defendant and alleging a number of causes of action, including negligence, breach of express warranty and breach of implied warranty. On May 10, 1988, right before the scheduled trial, the parties settled all causes of action then remaining except those for breach of express and implied warranties. See Transcript of May 10, 1988, Hearing at 39; Stipulated Judgment, ER 68-69. Pursuant to the settlement, the Sinclairs reserved a right to appeal the district court's pretrial evidentiary rulings on the warranty causes of action. See id. The Sinclairs then appealed those rulings; we dismissed because they were neither final, nor appealable interlocutory, orders. No. 88-2769, (9th Cir. May 25, 1989).
 
 
 3
 Back in the district court, the Sinclairs attempted to proceed on the warranty causes of action, but the district court dismissed, concluding that California law prevents the Sinclairs from recovering. We agree, but not on the basis of the election of remedies doctrine relied on by the district court. The Sinclairs claim that Coachmen breached the implied warranties of merchantability and fitness, but the Sinclairs and Coachmen were not in privity, which California law requires to maintain such claims. Cal.Com.Code §§ 2314-2315 (West Supp.1991); Hauter v. Zogarts, 534 P.2d 377, 383 n. 8 (Cal.1975); Burr v. Sherwin Williams Co., 268 P.2d 1041, 1048-49 (Cal.1954); Rodrigues v. Campbell Indus., 151 Cal.Rptr. 90, 93 (Cal.App.1978). The Sinclairs request incidental and consequential damages for breach of the express warranty, but the warranty states: "We will not pay for incidental or consequential damages." ER at 66. Such a limitation for breach of an express warranty is enforceable under California law. Cal.Com.Code § 2719 (West Supp.1991); S.M. Wilson & Co. v. Smith Int'l, Inc., 587 F.2d 1363, 1374-75 (9th Cir.1978).
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3