30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christian CHU, dba American International Trading Company,
Plaintiff-Appellant,
v.
TAIWAN TOBACCO & WINE MONOPOLY BUREAU; Republic of China;
Government of Taiwan Executive Yuan, Defendants-Appellees.
Christian CHU, dba American International Trading Company,
Plaintiff-Appellee,
v.
EXECUTIVE YUAN; Government of Taiwan Executive Yuan,
Defendants-Appellants,
and
Taiwan Tobacco & Wine Monopoly Bureau, Defendant.
 Nos. 93-15537, 93-15562.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1994.
Decided July 29, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Christian Chu appeals the district court's grant of summary judgment on his negligence and negligence per se claims against the Executive Yuan and the Taiwan Provincial Government (governmental defendants) and the Taiwan Tobacco & Wine Monopoly Bureau (TTWMB), as well as the denial of a motion to amend his amended complaint and for relief from judgment. The governmental defendants cross-appeal the denial of their motion to dismiss on the basis of foreign sovereign immunity. We have jurisdiction over both appeals, 28 U.S.C. Sec. 1291, and affirm summary judgment and the denial of Chu's motions. We also hold that the governmental defendants are immune, but as that decision is merged with the merits, we affirm judgment in their favor.
 
 
 3
 * Foreign states are immune from jurisdiction unless their activity comes within one of several exceptions to the Foreign Sovereign Immunities Act, 28 U.S.C. Secs. 1603(a), (b), 1604; at issue here is the "commercial activity" exception. Id. Sec. 1605(a)(2). Chu's commercial relationship was with the TTWMB, which produced Michiu and sold Chu the Michiu which Chu claims was contaminated. The TTWMB is an agency of the Republic of China, but there is no evidence that the governmental defendants' activities were commercial instead of regulatory. Republic of Argentina v. Weltover, Inc., 112 S.Ct. 2160, 2166 (1992). Regardless, there is no indication that the acts of which Chu complains--failure to recall the Michiu, properly monitor production, or assure Chu of the Michiu's safety--had any direct effect on Chu's business sufficient to invoke the exception; financial loss alone is not enough. See Gregorian v. Izvestia, 871 F.2d 1515, 1527 (9th Cir.) (something legally significant must actually happen in the United States), cert. denied, 493 U.S. 891 (1989). The governmental defendants are immune.
 
 
 4
 Chu's argument that the governmental defendants should nevertheless be subject to jurisdiction as agents or alter egos of the TTWMB fails because we affirm judgment on the merits in the TTWMB's favor. Therefore, even if we assume that jurisdiction exists over the governmental defendants, judgment in their favor is proper.
 
 II
 
 5
 On a trip to Taiwan, Chu got wind of possible aflatoxin contamination in Michiu bottled in 1985. He decided to impound 200 cases he had bought from TTWMB, cancelled outstanding orders, and notified his customers to recall "all units of Michiu Rice Wine received by you after January 1, 1985." His original complaint included a contract claim against TTWMB, but that claim was dropped. Our only question is whether Chu can recover economic losses on a negligence or negligence per se theory.
 
 
 6
 California courts have not answered the question definitively, so we must predict how it would be resolved by the California Supreme Court. Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir.1986), modified on other grounds, 810 F.2d 1517 (9th Cir.1987). We have no doubt that the California Supreme Court would not provide a negligence remedy for an ordinary commercial sales transaction between two merchants in privity where only economic losses are alleged. Seely v. White Motor Co., 45 Cal.Rptr. 17, 23 (1965).
 
 
 7
 J'Aire Corp. v. Gregory, 157 Cal.Rptr. 407 (1979), upon which Chu relies, does not suggest differently. J'Aire and several intermediate appellate decisions have held that recovery in negligence for solely economic losses is not precluded when there is a special relationship between the parties. None has so held when the parties are merchants in privity. Compare Ales-Peratis Food Int'l, Inc. v. American Can Co., 209 Cal.Rptr. 917, 918 (Cal.Ct.App.1985); Huang v. Garner, 203 Cal.Rptr. 800, 811 (Cal.Ct.App.1984); Pisano v. American Leasing, 194 Cal.Rptr. 77, 79 (Cal.Ct.App.1983) with Frank M. Booth, Inc. v. Reynolds Metals Co., 754 F.Supp. 1441, 1450 (E.D.Cal.1991) and Sacramento Regional Transit Dist. v. Grumman Flxible, 204 Cal.Rptr. 736, 742-43 (Cal.Ct.App.1984).
 
 
 8
 In any event, Chu's showing of economic loss is purely speculative. There is no competent evidence of contamination in the wine he quarantined or of sales lost because of TTWMB's conduct. Adams v. Murakami, 284 Cal.Rptr. 318, 323 (1991) (compensatory damages must not be based on speculation).
 
 III
 
 9
 The district court did not abuse its discretion in declining to let Chu amend a second time after the motion for summary judgment had been submitted. He sought to add claims for breach of contract and warranty which had been abandoned almost three years before. Given the tortuous history of the proceedings, we cannot say the district court erred in finding that reviving previously dismissed claims smacked of bad faith, that the delay was unexplained, and that the defendants would be prejudiced by having Taiwanese witnesses, who had been deposed already, be subject to discovery again. Western Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir.1991) (identifying relevant factors of bad faith, undue delay, prejudice, futility and previous amendments), cert. denied, 113 S.Ct. 74 (1992).
 
 IV
 
 10
 After judgment was entered against him, Chu sought relief on account of newly discovered evidence that his Michiu was contaminated. Even if the proffered evidence were competent, there was no reason why the Michiu could not have been tested earlier as it had been in his warehouse for three years. In any event, Chu had represented to the court that contamination was not relevant to his theory of recovery. The court was well within its discretion in denying relief.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3