**Troy GARCIA, through his guardian ad litem, Charles Aguirre, Plaintiff–Appellant,**

**v.**

**COUNTY OF ALAMEDA, et al., Defendants,**

**and**

**Folger–Adam Security Inc.; Security Hardware Inc., Defendants– Appellees.**

No. 99–16358.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided Jan. 24, 2001.

Before KLEINFELD, HAWKINS, and TALLMAN, Circuit Judges.

MEMORANDUM[1]

Troy Garcia argues that the district court erred by granting summary judgment for Folger–Adam Security Inc., and Security Hardware Inc. Federal Rule of

---

1. This disposition is not appropriate for publi-   cation and may not be cited to or by the

Civil Procedure 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[2] Garcia did not establish the existence of a defect in the lock or proximate cause, which he would have to prove at trial.[3] Although Garcia is a very sympathetic plaintiff, the evidence, viewed in the light most favorable to him, does not establish a jury question on whether there was something wrong with the lock, and that the defect was a proximate cause of his injury.

■ Garcia also argues that a material issue of fact exists concerning the credibility of Folger and Security's witnesses. However, it is not enough for the non-moving party to state that it will discredit the moving party's evidence at trial because "it must produce at least some 'significant probative evidence tending to support the complaint.' "[4]

■ Garcia further argues that a default judgment should have been entered automatically against Security. The court

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

3. See Barker v. Lull Eng'g Co., 20 Cal.3d 413, 143 Cal.Rptr. 225, 573 P.2d 443, 452 (Cal. 1978) (stating that a plaintiff may recover "in both a 'manufacturing defect' and 'design defect' context, when he proves the existence of a 'defect' and that such defect was a proximate cause of his injuries"); see also Browne v. McDonnell ,Douglas Corp., 698 F.2d 370 (9th Cir.1982) (holding that a directed verdict was proper where the plaintiffs failed to present substantial evidence that would rationally support the conclusion that a design defect was the proximate cause of the collision); Pisano v. American Leasing, 146 Cal.App.3d 194, 198, 194 Cal.Rptr. 77 (Cal.Ct.App.1983) (explaining that, to succeed with a breach of warranty claim, the plaintiff must show that

did not abuse its discretion in declining to enter a default judgment. Security has a meritorious defense, its conduct was not culpable, and setting aside the judgment, had one been entered, would not prejudice Garcia.[5]

AFFIRMED.

the warranty existed, that the defendant breached the warranty, and that the breach proximately caused the loss the plaintiff sustained).

4. T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 630 (9th Cir.1987) (citations omitted); see also National Union Fire Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir.1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment.").

5. See Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984) (holding that a tenant was entitled to relief from a default judgment because the landlord would not be prejudiced, the tenant had a meritorious defense, and the tenant's conduct was not culpable).